UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ESPINOSA-MONTES,

        Petitioner,

v.                          Case No: 2:15-cv-78-FtM-29MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.[1]

_____

## OPINION AND ORDER

This matter comes before the Court on a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Miguel Espinosa-Montes ("Petitioner" or "Espinosa-Montes"), a prisoner of the Florida Department of Corrections (Doc. 1, filed February 9, 2015). Espinoza-Montes, proceeding pro se, attacks the convictions and sentences entered against him by the Twentieth Judicial Circuit Court in Lee County, Florida for false imprisonment and attempted sexual battery. Id. Respondent filed a response to the petition (Doc. 8). Espinoza-Montes filed a reply (Doc. 11), and the matter is now ripe for review.

_____

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004)(citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed or denied. Because the petition is resolved on the record, an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I. Background[2]

On July 9, 2009, the State of Florida charged Espinoza-Montes by amended information with kidnaping, in violation of Florida Statute § 787.01 (count one), and attempted sexual battery with a deadly weapon, in violation of Florida Statute §§ 794.011(3) and 777.04 (count two). After a three-day trial, the jury found Espinoza-Montes guilty of the lesser-included offense of false imprisonment in count one and guilty as charged in count two (Ex. 3). The trial court sentenced Espinoza-Montes to an enhanced sentence of twenty-five years in prison on count two, and to a concurrent sentence of five years in prison on count one (Ex. 3). Florida's Second District Court of Appeal affirmed Petitioner's convictions, but remanded for resentencing because the trial court was not authorized to enhance the sentence on count two. Espinoza-

---

[2] Unless otherwise indicated, citations to exhibits are to those filed by Respondent on July 10, 14, 2015 (Doc. 9; Doc. 10). Citations to the trial transcript, located at exhibit two, will be cited as (T. at ___).

<u>Montes v. State</u>, 113 So. 3d 847 (Fla. 2d DCA 2011). Espinoza-Montes was re-sentenced to fifteen years in prison on count two (Ex. 3). Florida's Second District Court of Appeal affirmed (Ex. 6).

On January 15, 2014, Espinoza-Montes filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 7). The post-conviction court denied the motion (Ex. 8). Florida's Second District Court of Appeal affirmed without a written opinion. <u>Espinoza-Montes v. State</u>, 156 So. 3d 1089 (Fla. 2d DCA 2014). Espinoza-Montes' motion for rehearing was denied on November 21, 2014 (Ex. 10).

On February 8, 2015, Espinoza-Montes filed the instant 28 U.S.C. § 2254 petition (Doc. 1).

## II. Legal Standards

### a. The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case." White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was

"contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406).  The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly

established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." <u>Knowles</u>, 556 U.S. at 122.

Notably, even when the opinion of a lower state post-conviction court contains flawed reasoning, the federal court must give the <u>last</u> state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt." <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 834 F.3d 1227, 1235 (11th Cir. 2016), <u>cert. granted Wilson v. Sellers</u>, No. 16-6855, -- S. Ct. ---, 2017 WL 737820 (Feb. 27, 2017). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Therefore, to determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state post-conviction court's previous opinion as one example of a reasonable application of law or determination of fact; however, the federal court is not limited to assessing the reasoning of the lower court. <u>Wilson</u>, 834 F.3d at 1239.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

2254(e)(1); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); <u>Burt v. Titlow</u>, 134 S. Ct. 10, 15-16 (2013) (same).

### b. Ineffective Assistance of Counsel

In <u>Strickland v. Washington</u>, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. <u>Id.</u> This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. <u>Burt</u>, 134 S. Ct. at 13 (citing <u>Cullen v. Pinholster</u>, 563 U.S. 170 (2011)).

The focus of inquiry under <u>Strickland</u>'s performance prong is "reasonableness under prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance[.]" <u>Id.</u> at 689. Indeed, the petitioner bears the heavy burden to

"prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### c. Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. <u>Snowden v. Singletary</u>, 135 F.3d 732 (11th Cir. 1998).

In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. <u>Coleman</u>, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. <u>Spencer v. Sec'y, Dep't of Corr.</u>, 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir. 1999); <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. <u>Crawford v. Head</u>, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" <u>Murray v. Carrier</u>, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not

legal insufficiency. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).

### III. Analysis

Florida's Second District Court of Appeal described the facts surrounding Espinosa-Montes' trial as follows:

> At trial, the evidence established that the victim stopped at a restaurant to use the bathroom around 2 a.m. in May 2009. As she attempted to leave the stall, an unknown man, who was later identified as Mr. Espinoza-Montes, pushed her back into the stall, beat her, and attempted to rape her. In the process, while he was behind her, he told her that he was going to kill her with a knife and he pressed something against her back. For at least a brief time, she believed he actually had a knife, but then she was able to see that he was only pressing on her back with his finger. The victim sustained multiple injuries as a result of being beaten and punched by Mr. Espinoza-Montes, including an injury that resulted in a scar on her right arm.

<u>Espinoza-Montes</u>, 113 So. 3d at 847-48. Espinoza-Montes now urges that: (1) defense counsel ("Counsel") was ineffective for providing legal advice that lead Petitioner to reject a favorable plea offer (Claim One); (2) the trial court erred when it refused

to give a jury instruction on the offense of "felony battery" (Claim Two); and (3) there was insufficient evidence to support his conviction for attempted sexual battery (Claim Three) (Doc. 1 at 5-8).  Each claim will be addressed separately.

### a.  Claim One

Espinosa-Montes asserts that Counsel was ineffective for providing incorrect advice regarding a five-year plea offer from the state (Doc. 1 at 5).  Specifically, he asserts that Counsel advised him that the state would be unable to prove the required element of intent to commit a sexual battery; that he would not be found guilty of attempted sexual battery; and that he would only be subject to five years in prison for the lesser-included offense of felony battery.  Id.  Espinosa-Montes asserts that, had he known that "the attorney[']s legal advise [sic] was incorrect, he would have accepted the state[']s favorable plea offer." (Doc. 1 at 5).

Espinosa-Montes raised this claim in his Rule 3.850 motion, and the post-conviction court denied it as conclusively refuted by the record (Ex. 8 at 5).  The post-conviction court pointed to a portion of a pre-trial hearing in which Espinosa-Montes, Counsel, and the prosecutor were queried as to whether a plea offer had been extended.  Id. at 3-4.  Espinosa-Montes affirmed that he had discussed the plea with his attorney.  Id.  The trial court cautioned Espinosa-Montes that a jury trial involves risk and that

"the outcome of the jury trial will depend upon the evidence presented and how the jury evaluates that evidence." <u>Id.</u> at 3. The trial court asked Counsel whether she had discussed the potential sentence Espinosa-Montes faced if convicted, and she replied:

> Yes, sir. I've discussed the per charge maximums as well as concurrent verses consecutive. **I've discussed the maximum sentences for the lesser and my best guess about what would happen, although no one ever knows what will happen, but we discussed that.** We spent a couple of hours together last week. We went over all the evidence, all the photos. He had a packet of discovery, which was huge, all weekend. A good portion of it was pictures, but he has all the statements. He has reviewed all of that.

<u>Id.</u> at 4 (emphasis added). The trial court determined that Counsel had adequately advised Espinosa-Montes that she (Counsel) could offer only her "best guess" regarding the outcome if he proceeded to trial. <u>Id.</u> The trial court further noted that any argument from Espinosa-Montes that Counsel provided misadvice to reject an offer because the state lacked sufficient evidence was "a legally insufficient postconviction claim." <u>Id.</u> (citing <u>Garcia v. State</u>, 21 So. 3d 30 (Fla. 3d DCA 2009) and <u>Millan v. State</u>, 55 So. 3d 694 (Fla. 3d DCA 2011)). Florida's Second District Court of Appeal affirmed without a written opinion. <u>Espinoza-Montes</u>, 156 So. 3d at 1089. Accordingly, Claim One is exhausted. The silent affirmance of the post-conviction court's ruling is entitled to deference,

and the Court must now determine whether any arguments or theories could have supported the state appellate court's decision. <u>Wilson</u>, 834 F.3d at 1235.

Espinosa-Montes asserts that the post-conviction court misapplied the United States Supreme Court rulings in <u>Lafler v. Cooper</u>, 566 U.S. 156 (2012) and <u>Missouri v. Frye</u>, 566 U.S. 133 (2012) when they rejected his claim (Doc. 11 at 5).[3] In <u>Lafler</u>, defense counsel erroneously advised his client that he could not be convicted for assault with intent to murder because he shot his victim only below the waist. <u>Id.</u> at 161. Thereafter, based upon this advice, the defendant rejected a favorable plea offer and proceeded to trial where he was found guilty and received a lengthy prison sentence. <u>Id.</u> The district court determined that defense counsel was ineffective; granted the petitioner's habeas petition; and ordered the state to re-offer the plea deal. <u>Id.</u> The United States Court of Appeals for the Sixth Circuit affirmed. <u>Id.</u> Notably, by the time the Supreme Court granted certiorari in <u>Lafler</u>, the state had conceded that defense counsel's performance was deficient, and the only question before the Supreme Court was how to apply <u>Strickland</u>'s prejudice test where ineffective

---

[3] Unlike the instant situation, in <u>Frye</u>, defense counsel completely failed to communicate a favorable plea offer to his client, and the client eventually was forced to accept a later plea offer with less-favorable terms. Because it does not apply to the facts in this case, <u>Frye</u> will not be further discussed by this Court.

assistance results in the rejection of a plea offer and the defendant is convicted at the ensuing trial. Id. at 1384.

Like the petitioner in Lafler, Espinosa-Montes urges that he received poor advice from Counsel, and that he rejected a favorable plea offer as a result. Specifically, he asserts that Counsel informed him that the state would not be able to prove he had the requisite intent to commit a sexual battery when he attacked the victim, and that he would only be found guilty of the lesser-included offense of felony battery instead of attempted sexual battery (Doc. 1 at 5). Although the basic facts in Lafler are similar to those set forth in Claim One, unlike the petitioner in Lafler, the state does not now concede that Counsel's advice to reject the offer was constitutionally infirm. Rather, the post-conviction court determined that Counsel's performance was not deficient because she only provided her "best guess" to Espinosa-Montes as to how his trial would turn out, and that he was aware of this. Therefore, before this Court can consider whether Espinosa-Montes can demonstrate prejudice under Lafler, he must first show that the post-conviction court's conclusion on this issue was contrary to, or based upon an unreasonable application of, Strickland. 28 U.S.C. § 2254(d). However, a review of the record supports a conclusion that Counsel's performance was not constitutionally deficient.

During her argument on Counsel's motion for a judgment of acquittal, Counsel urged that the state had not proven each element of attempted sexual battery (T. at 405). Counsel noted that the only evidence presented at trial showing that the attack was sexually motivated was the victim's testimony that the attacker demanded she remove her pants and that he tried to unbutton her pants with one hand while holding the victim by the hair with his other hand. Id. Counsel posited that there could be multiple reasons, other than an intent to sexually batter the victim, for the attacker to demand that the victim remove her pants. Id. Counsel pointed to Rogers v. State, 660 So. 2d 237 (Fla. 1995) and Ellis v. State, 754 So. 2d 887 (Fla. 5th DCA 2000) to support her arguments.[4]

In Rogers, evidence was presented at trial that the defendant (Rogers) had ordered the victim to remove her clothing and had squeezed her breast. 660 So. 2d at 241. However, Rogers stopped when the victim told him to, and he made no further attempts to touch her. Id. The Florida Supreme Court determined that "[w]hile Rogers may have touched Daniel's breast and ordered her to remove her clothes, these acts do not rise to the level of an overt act toward the commission of a sexual battery. In addition, once Daniel refused Rogers' advances and orders, Rogers left her

---

[4] Counsel repeated her arguments in a motion for a new trial after the verdict (Ex. 8 at State's Exhibit H).

alone." Id. The Florida Supreme Court reversed Rogers' conviction for attempted sexual battery. Similarly, in Ellis, the Fifth District Court of Appeals determined that the trial court erred by denying the defense's motion for judgment of acquittal on an attempted sexual battery charge because the evidence showed that the defendant only touched the victim, and there was no evidence of an intent to penetrate. 754 So. 3d at 888.

After considering the facts in both Ellis and Rogers, the trial court denied Counsel's motion for a judgment of acquittal as follows:

> In the case before the Court, the victim has testified that she was brutally attacked, and that in addition to being beaten and held behind by the hair was under the control of the perpetrator. The defense has raised identity also as a defense in this case, but regardless as to the perpetrator she was then, at least on two occasions, told to remove her pants, and that the perpetrator also tried to undo her pants. To me this is much more strong evidence of intent to perpetrate a sexual act than what was described in Ellis and in Rogers.
>
> There was an ongoing effort to overcome the resistance of the victim in this case, and likewise, I'm going to deny not only the Attempted Sexual Battery, but also on the kidnapping.

(T. at 418). Although Counsel's argument was ultimately rejected by the trial court, given the similarity of the facts in Rogers to those in Espinosa-Montes' case, reasonable competent defense counsel could have determined that the prosecution would have

difficulty proving the intent element of attempted sexual battery and advised her client of this conclusion.

Even accepting Espinosa-Montes' allegations, he does not demonstrate that Counsel's advice was completely unreasonable or that it bore no relation to reasonable trial strategy. "[A]n erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." Lafler, 566 U.S. at 174. Espinosa-Montes does not claim that Counsel precluded him from accepting the offer; nor does he deny that it was his choice to reject the offer and proceed to trial. Even if Counsel overestimated the strength of Espinosa-Montes' case, he still has not demonstrated that her advice fell below an objective standard of reasonableness, and as a result, Espinoza-Montes has not satisfied Strickland's performance prong. See Minton v. Sec'y, Dep't of Corr., 271 F. App'x 916, 918 (11th Cir. 2008) ("The Supreme Court has 'declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'") (quoting Wiggins v. Smith, 539 U.S. 510, 521 (2003)) (alterations omitted).

The record before this Court does not show that the state court's rejection of Claim One was contrary to Strickland, Lafler, or any other clearly established federal law. Claim One is denied.

### b.    Claim Two

Espinosa-Montes asserts that the trial court erred by refusing to give a lesser-included jury instruction on felony battery (Doc. 1 at 7).  Espinosa-Montes raised this claim in his Rule 3.850 motion, where it was dismissed by the post-conviction court because "[a] claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion[.]" (Doc. 8 at 5) (quoting Bruno v. State, 807 So. 2d 55 (Fla. 2001)). Florida's Second District Court of Appeal affirmed the post-conviction court's denial of this claim without a written opinion.

Respondent argues that Claim Two must be dismissed because federal courts are precluded from addressing claims held to be procedurally defaulted under state law (Doc. 8 at 13).  Indeed, "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  Further, an appellate court's per curiam affirmance of the trial court's ruling "explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990).

The Eleventh Circuit has established a three-part test to determine when a state court's procedural ruling constitutes an

independent and adequate state rule of decision. <u>Judd</u>, 250 F.3d at 1313. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." <u>Id.</u> Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. <u>Id.</u> Third, the state procedural rule must be firmly established and regularly followed and not applied "in an arbitrary or unprecedented fashion." <u>Id.</u>

In the instant case, the post-conviction court clearly dismissed this claim on a state procedural rule which was not intertwined with an interpretation of federal law. This law is regularly followed in Florida courts. <u>See</u> <u>Occhicone v. State</u>, 768 So. 2d 1037, 1040 n.3 (Fla. 2000) ("[C]laims challenging the validity of jury instructions should be raised on direct appeal, not on motions for postconviction relief."); <u>Gorham v. State</u>, 521 So. 2d 1067, 1070 (Fla. 1988) ("Because a claim of error regarding the instructions given by the trial court should have been raised on direct appeal, the issue is not cognizable through collateral attack."). Accordingly, under the three-part test set forth in <u>Judd</u>, Claim Two is procedurally barred.

As a general rule, claims forfeited under state law may support federal habeas relief only if the petitioner demonstrates cause for the default and prejudice from the asserted error. <u>See</u>

Murray v. Carrier, 477 U.S. 478, 485 (1986); discussion supra Part II(c). Espinosa-Montes has demonstrated neither. Nor has he provided new evidence demonstrating the existence of the fundamental miscarriage of justice exception to the procedural bar. Rather, Espinosa-Montes concedes that "this claim is procedurally barred for the purposes of this habeas petition." (Doc. 11 at 12). Accordingly, Claim Two is due to be dismissed as unexhausted and procedurally barred. 28 U.S.C. § 2254(b)(1).

### c. Claim Three

Espinosa-Montes asserts that it was "fundamental error of constitutional magnitude to allow [him] to be convicted of an offense unsupported by competent substantial evidence." (Doc. 1 at 8). Specifically, he asserts that "no evidence was submitted that would legally support all the elements of [attempted sexual battery]." Id. On direct appeal, Espinosa-Montes argued that the trial court erred by failing to grant his motion for a judgment of acquittal on the attempted sexual battery charge (Ex. 4 at 17).[5]

---

[5] Petitioner raised the instant "fundamental error" claim in his Rule 3.850 motion, and the post-conviction court rejected it, first noting that "[i]nsufficiency of the evidence cannot be raised under rule 3.850, especially when a direct appeal has been taken." (Ex. 8 at 5) (quoting Jackson v. State, 640 So. 2d 1173 (Fla. 2d DCA 1994); Childers v. State, 782 946 (Fla. 4th DCA 2001)). The post-conviction court further found that even if it were to consider the sufficiency of the evidence, "trial counsel advanced and the Court rejected these arguments during the motion for judgment of acquittal, charge conference, and motion for new trial." Id. Finally, the post-conviction court noted that Petitioner had raised the trial court's denial of his motion for

Florida's Second District Court of Appeal affirmed Espinosa-Montes' convictions "without discussion." <u>Espinoza-Montes</u>, 113 So. 3d at 847.

In his appellate brief on this claim, Espinosa-Montes framed his argument in terms of state law only – making no reference to the United States Constitution, federal law, or even federal cases (Ex. 4 at 17-19). Therefore, he did not exhaust Claim Three. For a habeas petitioner to fairly present a federal claim to state courts:

> It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.

---

judgment of acquittal on direct appeal, where it was denied. <u>Id.</u> at 9. Florida's Second District Court of Appeal affirmed the post-conviction court's dismissal of this claim. To the extent Claim Three is a different claim than the one raised on direct appeal, it is dismissed as unexhausted and procedurally barred. <u>See</u> discussion <u>supra</u> Claim Two.

McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotations and citations omitted). As part of such a showing, the claim presented to the state courts "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Reedman v. Thomas, 305 F. App'x 544, 545–46 (11th Cir. 2008) (internal citation omitted). Because he did not refer to any "specific federal constitutional guarantee" in his brief on direct appeal, Espinosa-Montes' instant challenge to the sufficiency of the evidence was not fairly presented to the state court and is unexhausted. Espinosa-Montes does not satisfy (or even allege) the cause and prejudice, or fundamental miscarriage of justice exceptions to overcome the procedural default of this claim. Florida's procedural rules and time limitations preclude a second direct appeal. Fla. R. App. P. 9.140(b)(3) (defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order"). Consequently, Espinosa-Montes' claim cannot be considered by this Court and is due to be dismissed.

Even assuming *arguendo* that this claim is exhausted and raises a federal due process issue, Espinosa-Montes is not entitled to habeas corpus relief. 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the

remedies available in the courts of the State."). The Due Process Clause of the Fourteenth Amendment requires the state to prove each element of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 315 (1979). Under Jackson, federal courts must look to state law for the substantive elements of the offense, but to federal law for the determination of whether the evidence was sufficient under the Due Process Clause. Coleman v. Johnson, 132 S. Ct. 2060, 2064 (2012). For federal due process review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

Under Florida law, sexual battery is defined as ". . . vaginal penetration of another by any [ ] object[.]" Fla. Stat. § 794.011(1)(h). A person commits the offense of criminal attempt under Florida law if he "attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." Fla. Stat. § 777.04(1). An attempt involves two essential elements: specific intent to commit the crime and an overt act done towards its commission. Adams v. Murphy, 394 So.2d 411, 413 (Fla. 1981). "The intent and the act must be such that they would have resulted, except for the interference of some cause preventing the carrying out of the

intent, in the completed commission of the crime." Id.  The trial court instructed the jury of the elements of attempted sexual battery (T. at 487, 489-91).

As summarized by the state when arguing against Espinosa-Montes' motion for a new trial, Espinosa-Montes pushed the victim into the bathroom; locked the door behind him; demanded that the victim remove her pants; began beating the victim's face and body; again demanded that she remove her pants; and when she refused the second demand, Espinosa-Montes pounded the victim's head into the toilet tank and attempted to remove her pants himself (Ex. 8 at State's Exhibit H).

Based upon the specific facts of the instant case, and construing the facts in the light most favorable to the State, the Court rejects Espinosa-Montes' claim that no rational finder of fact could have found him guilty beyond a reasonable doubt of attempted sexual battery.  Consequently, the state court's rejection of this claim was not contrary to, or an unreasonable application of federal constitutional law, nor was it an unreasonable application of the facts.  In addition to being unexhausted, Claim Three is denied on the merits.

Any of Espinosa-Montes' allegations not specifically addressed herein have been found to be without merit.

# IV. Certificate of Appealability[6]

Espinosa-Montes is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Espinosa-Montes must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 335-36. Espinosa-Montes has not made the requisite showing in these circumstances.

Because Espinosa-Montes is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[6] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. Claim One of the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Miguel Espinosa-Montes (Doc. 1) is denied; Claim Two is dismissed as unexhausted; and Claim Three is dismissed as unexhausted, or alternatively denied.

3. Espinosa-Montes is **DENIED** a certificate of appealability.

4. The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___2nd___ day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record